IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLIA
SOUTHERN DIVISION
IN ADMIRALTY

| | |
|---|---|
| KELLI S. BARNES and CHRISTOPER C. SMITH, ADMINISTRATORS OF THE ESTATE OF GARRETT SMITH, DECEASED, <br> Plaintiffs, <br><br> vs. <br><br> FERSTER ELECTRIC, LLC, <br> Defendant. | Civil Case No. 7:22-cv-45-D |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO DAMAGES SUPPORTING ORDER GRANTING DEFAULT JUDGMENT IN FAVOR OF KELLI S. BARNES and CHRISTOPHER C. SMITH, ADMINISTRATORS OF THE ESTATE OF GARRETT SMITH, DECEASED AGAINST DEFENDANT FERSTER ELECTRIC, LLC

This cause coming on to be heard and being heard before the undersigned United States District Judge sitting without a jury at the November 22, 2022, session of the United States District Court for the Eastern District of North Carolina in Raleigh, on Plaintiffs' Motions for Default Judgment. Appearing for Plaintiff, Kelli S. Barnes and Christopher C. Smith, Administrators of the Estate of Garrett Smith, Deceased, are Geoffrey A. Losee, Fred H. Oliver, and George Rountree, III.

### FINDINGS OF FACT

From the pleadings and the evidence and upon entry of default, the Court FINDS THE FOLLOWING FACTS:

1. The parties are properly before the Court.

2. The Court has jurisdiction of the parties and of the subject matter.

3. This is a case within the court's admiralty and maritime jurisdiction.

4. Kelli S. Barnes and Christopher C. Smith are citizens and residents of Columbus County, North Carolina and are Co-Administrators of the Estate of Garrett Smith, deceased. [DE 9, ¶6].

5. Ferster Electric, LLC is a limited liability company organized and existing under the laws of the State of North Carolina and transacts business in the state of North Carolina. [DE 9, ¶7].

6. On March 18, 2022 Kelli S. Barnes and Christopher C. Smith, as Administrators of the Estate of Garrett Smith, instituted this action in this Court in civil action number 7:22-cv-45-D seeking damages from Ferster Electric, LLC for the wrongful death of Garrett Smith [DE 1]. Plaintiffs subsequently amended their Complaint [DE 9].

7. On March 24, 2022, Defendant Ferster Electric, LLC's registered agent, Matthew Ferster, signed a Waiver of Service of Summons, and was filed herein on March 29, 2022. [DE 12].

8. No Answer, Motion to Dismiss for failure to state a claim upon which relief can be granted, or pleading has been filed by Defendant Ferster Electric, LLC, in any of the cases against it arising out of the incident described herein. and that the time for pleading or otherwise defending has expired.

9. Default of the Defendant Ferster Electric, LLC was entered in 7:22-cv-45-D on July 22, 2022 [DE 19]. Motion for Default Judgment was filed on September 15, 2022 [DE 26].

10. Upon entry of default, the defaulting party loses status and standing to contest factual allegations in the Complaint; the Court finds the following factual allegations in the Plaintiffs' Amended Complaint [DE 9] to be deemed as admitted:

A. At all times relevant hereto, Matthew Ferster was a managing member of Defendant Ferster Electric, LLC. [DE 9, ¶10].

B. At all times material herein, the Defendant's managing member and registered agent, Matthew Ferster, was the owner and operator of a 2014 model Skeeter Performance fishing boat, 18 feet in length and powered by a 175-horsepower outboard motor. [DE 9, ¶8].

C. Defendant Ferster Electric, LLC provided funds and monetary support for the upkeep, maintenance and use of the Skeeter Performance fishing boat. [DE 9, ¶¶ 9, 18].

D. The Skeeter Performance fishing boat was utilized in the furtherance of Defendant Ferster Electric, LLC's business and was utilized to entertain and foster better relationships between employees of Defendant Ferster Electric, LLC. [DE 9, ¶11].

E. At all times relevant hereto, the Skeeter Performance fishing boat was being operated in the furtherance of Defendant Ferster Electric, LLC's business and for the benefit of Defendant Ferster Electric, LLC. [DE 9, ¶12].

F. On March 29, 2020, Matthew Ferster was accompanied by another employee of Defendant Ferster Electric, LLC when the Skeeter Performance fishing boat was placed on the Waccamaw River. [DE 9, ¶14].

3

G.  In southeastern North Carolina, the Waccamaw River is the dividing line between Columbus and Brunswick Counties. In this area the Waccamaw River is a narrow, meandering river that is deep in many areas and is frequently used by area boaters. Near the Town of Pireway the North Carolina Wildlife Resources Commission maintains a boating access area known as the Pireway access area. [DE 9, ¶13].

H.  On March 29, 2020 the Plaintiffs' intestate, Garrett Smith, along with Megan Allison Lynn, and Jennifer Hayes went boating on the Waccamaw River on a motorboat operated by Travis Reed Suggs and owned by Pamela Fowler Suggs. [DE 9, ¶3].

I.  On Sunday, March 29, 2020 at approximately 5:30 p.m., the vessel operated by Travis Reed Suggs and occupied by Plaintiffs' intestate and others was approximately two-thirds of a mile south of the Pireway access area and was traveling in a northwardly direction toward the access area on the eastern side of the Waccamaw River and was on the south side of a bend in the river. [DE 9, ¶13].

J.  On Sunday, March 29, 2020 at approximately 5:30 p.m., Matthew Ferster, was operating the 17' Skeeter Performance fishing boat in the vicinity of the Pireway access area and traveling toward the bend in the river. [DE 9, ¶14].

K.  Matthew Ferster was traveling at a high rate of speed as the Ferster vessel approached the bend in the river. [DE 9, ¶15].

4

L.      As the Ferster vessel entered the bend in the river it was traveling on the east side of the river at a speed in excess of 40 miles per hour and was rapidly approaching the Suggs vessel which was traveling on the east in the opposite direction. [DE 9, ¶15].

M.      The Ferster vessel failed to change course or reduce speed and collided at high speed with the port bow of the Suggs vessel and traveled over the Suggs vessel, producing a traumatic blunt force upon Garrett Smith and others, and catapulting Garrett Smith from the vessel into the waters of the Waccamaw River. [DE 9, ¶15].

N.      Defendant Ferster Electric, LLC, utilized company funds to pay for supplies and materials related to the use of the Skeeter Performance fishing boat on the date and at the time of the aforesaid vessel collision resulting in the death of Garrett Smith. [DE 9, ¶¶ 9, 18].

O.      At all times relevant hereto, Matthew Ferster was operating the Skeeter Performance fishing boat as an agent, employee or servant of Defendant Ferster Electric, LLC, and on the business of Defendant at the time of the aforesaid vessel collision resulting in the death of Garrett Smith. [DE 9, ¶19].

P.      Defendant Ferster Electric, LLC utilized the Skeeter Performance fishing boat for business purposes on the date and at the time of the aforesaid vessel collision resulting in the death of Garrett Smith. [DE 9, ¶20].

Q. The vehicle utilized to transport the Skeeter Performance fishing boat to the Waccamaw River on the date of the aforesaid vessel collision resulting in the death of Garret Smith contained advertising signage on the front of the vehicle in furtherance of Defendant, Ferster Electric, LLC's business. [DE 9, ¶21].

R. At all times material to this action, Defendant Ferster Electric, LLC, acted as the owner *pro hac vice, or* charterer of the Skeeter Performance fishing boat and Defendant used the Skeeter Performance fishing boat for the purposes of its business. [DE 9, ¶28(a)].

S. Matthew Ferster was well known to Defendant Ferster Electric, LLC, as the primary operator of the Skeeter Performance fishing boat. Particularly, Defendant Ferster Electric, LLC, knew that Matthew Ferster had consumed alcoholic beverages prior to operating the vessel on the date of the aforesaid vessel collision resulting in the death of Garrett Smith. [DE 9, ¶23].

T. In that the vessel was operated by the managing member of Defendant Ferster Electric, LLC, the knowledge of Matthew Ferster's operating the Skeeter Performance fishing boat under the influence of alcohol and otherwise in violation of the Inland Rules of Navigation at the time and place of the aforesaid vessel collision resulting in the death of Garrett Smith is imputed to Defendant Ferster Electric. [DE 9, ¶24].

U. Garrett Smith suffered the knowledge and understanding that he was about to die from drowning, causing him emotional and physical panic prior to succumbing to his death. [DE 9, ¶30].

11. Garrett Smith died on March 29, 2020, as a result of the boat collision and subsequently drowning after being ejected from the vessel. [DE 9, ¶30].

12. Prior to his death, Garrett Smith was in excellent health and was not suffering from any infirmities.

13. Garrett Smith graduated from the Columbus Career and College Academy in Columbus County, North Carolina on May 22, 2018.

14. Garrett Smith was employed as a lineman apprentice prior to his death.

15. Joseph Anthony Farinella, PH.D., CFA, prepared a report of economic damages to the Estate of Garrett Smith and that report is attached herewith as "Exhibit A."

16. Dr. Farinella's opinion, to a reasonable degree of professional certainty calculates the economic damages to the Estate of Garrett Smith to be $2,102,015.00.

17. Kelli S. Barnes and Christopher C. Smith have produced documentary and other evidence that support Plaintiffs' claims for pecuniary damages against the Defendant for the wrongful death of Garrett Smith in the amount of $8,880.00 for:

    a. Expenses for care, treatment and hospitalization incident to the injury resulting in death;

    b. The reasonable funeral expenses of the decedent.

18. Plaintiffs have produced documentary and other evidence based on Joseph Farinella's expert witness report that support $2,102,015 as the present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of:

    a. the reasonably expected net income of the decedent,

    b. Services, protection, care, and assistance of the decedent, whether voluntary or obligatory.

19. Plaintiffs have produced testimony, documentary and other evidence that support Plaintiffs' claims for non-pecuniary damages against the Defendant for the wrongful death of Garrett Smith in the amount of $5,000,000.00 as compensation for:

    a. The pain and suffering of the decedent;

    b. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction pursuant to Article III, §2, clause 1 of the United States Constitution and its statutory corollary, 28 U.S.C. §1333(1).

2. This is a case within the Court's admiralty and maritime jurisdiction.

3. This Court has jurisdiction over the parties.

4. Kelli S. Barnes and Christopher C. Smith, as Co-Administrators of the Estate of Garrett Smith, deceased, and are, in all respects, proper parties to prosecute the Decedent's claims and the claims of the Plaintiffs.

5. Ferster Electric, LLC is a limited liability company organized and existing under the laws of the State of North Carolina and transacts business in the state of North Carolina and is the proper party for Plaintiffs to bring their claims for relief against.

6. At all times material to this action, the Waccamaw River at the site of the incident which produced the death of Garrett Smith, deceased, constituted navigable waters of the United States.

7. Upon the entry of default, Ferster Electric, LLC, lost its status and standing to contest factual allegations in the Complaint and those facts alleged by the Plaintiffs in their Complaints are hereby deemed admitted.

8. At all material times, the Vessel described in the Complaint [DE 1] was being used in the course of business or for the benefit of Defendant Ferster Electric, LLC.

9. Defendant Ferster Electric, LLC, had a duty to prevent Matthew Ferster from operating the Skeeter Boat while under the influence of alcohol and otherwise in violating the Inland Rules of the Road.

10. While acting on behalf of Defendant Ferster Electric, LLC, Matthew Ferster violated the Inland Rules of the Road as follows:

9

a. Navigational Rules 5 (Look-out): Ferster failed to maintain a proper lookout by sight and hearing so as to make full appraisal of the situation and the risk of collision;

b. Navigational Rule 6 (Safe Speed): Failed to proceed at safe speed so that he could take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions;

c. Navigational Rule 7 (Risk of Collision): failed to use all available means appropriate to the prevailing circumstances and conditions to determine if the risk of collisions existed;

d. Navigational Rule 8 (Action to Avoid Collision): Failed to take action to avoid collision in a positive manner in ample time and with due regard to the observance of good seamanship; and

e. Navigational Rule 9 (Narrow Channels): while nearing a bend or an area of a narrow channel where other vessels may be obscured by and intervening obstruction, failed to navigate with particular alertness and caution to avoid collision.

11. Ferster Electric, LLC breached their duty of care by failing to prevent its managing member from operating the Skeeter Boat while under the influence of alcohol and otherwise violating the Inland Rules of the Road.

12. The negligence of Defendant Ferster Electric, LLC, and its managing member, Matthew Ferster, was a proximate cause of the death of Plaintiffs' intestate, Garrett Smith.

10

13. Ferster Electric, LLC is vicariously liable for the negligence of its managing member and employee, Matthew Ferster, in causing the wrongful death of Garrett Smith on March 29, 2020.

14. The negligence of Defendant Ferster Electric, LLC, and its managing member, Matthew Ferster, was a proximate cause of the physical, mental, and emotional damage sustained by the Decedents prior to their death and the damages of the Plaintiffs, individually, and as Administrators of each respective Decedent's estate.

15. Defendant Ferster Electric, LLC is liable to the personal representatives of Garrett Smith for damages as set forth in North Carolina General Statute § 28A-18-2 (Death by wrongful act of another) and the general maritime law of the United States.

16. Damages for wrongful death under the General Maritime Law as supplemented by the North Carolina Wrongful Death Act, N.C. Gen. Stat. §28A-18-2 include:

    a. Pain and suffering,

    b   reasonable funeral expenses,

    c. the present monetary value of the decedent to his next of kin,

    d. the value of lost services, protection, care and assistance of the deceased, whether voluntary or obligatory to her next of kin

    e. the loss of society, companionship, comfort, guidance, kindly offices and advice of the decedent to his next of kin.

17. The Estate of Garrett Smith is entitled to recover damages from Ferster Electric, LLC, for the wrongful death of Garrett Smith.

18. Plaintiffs' expert witness Dr. Joseph Farinella has the proper qualifications, knowledge, training, and expertise, to qualify as an expert.

19. Dr. Joseph Farinella's opinions are based on sufficient facts or data; those opinions are the product of reliable principles and methods; and he has applied the principles and methods reliably to the facts of this case.

20. Plaintiffs' evidence of damages is admissible and establishes the present monetary value of the decedents to the persons entitled to receive the damages recovered.

21. For all the foregoing reasons, Plaintiffs are therefore entitled to judgment against the Defendant in the total sum of $7,102,015.00, with interest thereon at the applicable rate from the date of decedent's death, and the costs of this action to be taxed by the Clerk, and judgment in that amount plus applicable interest ought to be entered by this Court.

22. The cost of this action plus pre and post judgment interest are to be taxed against the Defendant.

*[Signature page follows]*

SO ORDERED. This  22  day of November, 2022.

                                                        JAMES C. DEVER III
                                                        United States District Judge